Alan E. Friedman (SBN 47839)
aefriedman@jonesday.com
Daniel J. McLoon (SBN 109598)
djmcloon@jonesday.com
Orian J. Lee (SBN 247479)
olee@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, CA 90071-2300
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Plaintiff
PRICEGRABBER.COM, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRICEGRABBER.COM, INC., a Delaware corporation,<br><br>　　　　Plaintiff and Counterdefendant,<br><br>　　v.<br><br>UNISTER GMBH, a Germany corporation,<br><br>　　　　Defendant and Counterclaimant. | Case No. CV 10-09580 SJO(MANx)<br><br>**PRICEGRABBER.COM, INC.'S ANSWER TO COUNTERCLAIMS** |

LAI-3131729v1

Plaintiff and counterdefendant PriceGrabber.com, Inc. ("PriceGrabber"), by and through its undersigned counsel, hereby answers the counterclaims ("Counterclaims") filed by defendant and counterclaimant Unister GmbH ("Unister") as follows:

1. Answering paragraph 39 of the Counterclaims, PriceGrabber admits that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Unister and PriceGrabber. Except as so admitted, PriceGrabber denies each and every allegation contained in paragraph 39 of the Counterclaims.

2. Answering paragraph 40 of the Counterclaims, PriceGrabber admits the allegations contained in that paragraph.

3. Answering paragraph 41 of the Counterclaims, PriceGrabber admits the allegations contained in that paragraph.

4. Answering paragraph 42 of the Counterclaims, PriceGrabber admits the allegations contained in that paragraph.

5. Answering paragraph 43 of the Counterclaims, PriceGrabber admits the allegations contained in that paragraph.

6. Answering paragraph 44 of the Counterclaims, PriceGrabber is without sufficient knowledge or information to form a belief as to the truth of the allegations therein, and on that basis denies each and every allegation contained in paragraph 44 of the Counterclaims.

7. Answering paragraph 45 of the Counterclaims, PriceGrabber admits that it maintains an online comparison shopping website. PriceGrabber further admits that as part of its business, PriceGrabber contracts with merchants to list and advertise merchants' goods through the PriceGrabber website and PriceGrabber-affiliated websites. PriceGrabber further admits it earns revenue from merchants based on the number of click-thrus merchant websites receive from PriceGrabber links, or based on a percentage of sales generated for merchants resulting from

1  click-thrus from PriceGrabber links. Except as so admitted, PriceGrabber denies
2  each and every allegation contained in paragraph 45 of the Counterclaims.

3      8. Answering paragraph 46 of the Counterclaims, PriceGrabber admits
4  that on or about March 23, 2009, PriceGrabber and Unister entered into a certain
5  written API Co-Brand Agreement ("Agreement"). PriceGrabber further admits that
6  Unister agreed to display PriceGrabber content on http://www.cheap-hit.com.
7  PriceGrabber further admits that on or about May 26, 2009, PriceGrabber and
8  Unister amended the Agreement to extend the exclusive license granted by
9  PriceGrabber in the Agreement to both http://www.cheap-hit.com and
10 http://www.best-price.com, another Unister-operated web site (together, the
11 "Unister Web Sites"). Except as so admitted, PriceGrabber denies each and every
12 allegation contained in paragraph 46 of the Counterclaims, including without
13 limitation the allegation that Exhibit A, which is not executed by anyone on behalf
14 of PriceGrabber, "is a true and correct copy of the March 23, 2009 Agreement
15 between Unister and PriceGrabber."

16      9. Answering paragraph 47 of the Counterclaims, PriceGrabber admits
17 that pursuant to section 4 of the Agreement, PriceGrabber agreed to pay Unister a
18 share of the revenue PriceGrabber earned from click-thrus from PriceGrabber links
19 displayed on the Unister Web Sites. PriceGrabber further admits that section 4.a of
20 the Agreement reads, in part:

21      **Click-thru Revenues.** a. PriceGrabber shall be
22 responsible for revenue sales, service, invoicing and collection. [Unister] shall not in any way be responsible
23 for activities relating to sales and collection of revenues from Merchants.

24 Except as so admitted, PriceGrabber denies each and every allegation
25 contained in paragraph 47 of the Counterclaims.

26      10. Answering paragraph 48 of the Counterclaims, PriceGrabber admits
27 that section 4.2 of the Agreement reads, in part:
28

LAI-3131729v1

- 2 -

> **4.2 Revenue Payments.** Payments due from PriceGrabber to [Unister] hereunder will be reconciled and paid within forty-five (45) days following the calendar month in which the applicable revenues are generated by PriceGrabber. However, and notwithstanding anything to the contrary in this Agreement, PriceGrabber shall only make a payment to [Unister] where the accumulated amount due to [Unister] by PriceGrabber under the terms of this Agreement exceeds One Hundred Dollars ($100), and PriceGrabber shall make such payment within forty-five (45) days following the month in which such minimum threshold is reached. The foregoing shall not release PriceGrabber from paying any and all amounts due to [Unister] (i.e., whether or not the sum due exceeds One Hundred Dollars [$100]) upon the expiration or earlier termination of this Agreement in accordance with Section 6."

Except as so admitted, PriceGrabber denies each and every allegation contained in paragraph 48 of the Counterclaims.

11. Answering paragraph 49 of the Counterclaims, PriceGrabber admits that it received an email from Rudiger Biebl of Unister on July 30, 2010, in which Mr. Biebl: alleged that certain payments had not been made by PriceGrabber, requested certain payments be made by August 6, 2010, and requested a report be made, by the following week, of revenues earned and billed, and checks/bills that had been wired. Except as so admitted, PriceGrabber denies each and every allegation contained in paragraph 49 of the Counterclaims.

12. Answering paragraph 50 of the Counterclaims, PriceGrabber admits that it sent an email to Mr. Biebl on July 30, 2010 in which, among other things, PriceGrabber confirmed that it had made a "double payment" of $306,081.63 to Unister in January 2010. Except as so admitted, PriceGrabber denies each and every allegation contained in paragraph 50 of the Counterclaims.

13. Answering paragraph 51 of the Counterclaims, PriceGrabber admits that on September 7, 2010, it received an email from Mr. Biebl in which, among Mr. Biebl requested a report of revenues earned and billed. PriceGrabber further admits that it sent an email to Mr. Biebl on September 14, 2010 in which PriceGrabber confirmed, among other things, that it was "on schedule with

payments," and that it had not yet paid revenue share earnings for May and June 2010, which had not yet come due. Except as so admitted, PriceGrabber denies each and every allegation contained in paragraph 51 of the Counterclaims.

14. Answering paragraph 52 of the Counterclaims, PriceGrabber admits that it received an email from Mr. Biebl on November 16, 2010 in which Mr. Biebl: requested that certain payments be issued by the next day, alleged that Unister had not received payments "for the months August and September," and stated that Unister "cannot accept any repeated late payments anymore." Except as so admitted, PriceGrabber denies each and every allegation contained in paragraph 52 of the Counterclaims.

15. Answering paragraph 53 of the Counterclaims, PriceGrabber admits that it sent an email to Mr. Biebl on November 23, 2010 in which, pursuant to months-long negotiations between the parties regarding potential changes to the Agreement, PriceGrabber stated revised proposed changes to the Agreement. PriceGrabber further admits that among the terms PriceGrabber proposed in its November 23, 2010 email were to extend the term of the Agreement by three years and to increase Unister's revenue share percentage. PriceGrabber further admits that Mr. Biebl responded by email on November 24, 2010, requesting PriceGrabber accept the terms of Unister's most recent proposal to amend the Agreement (predating PriceGrabber's November 23, 2010 email). Except as so admitted, PriceGrabber denies each and every allegation contained in paragraph 53 of the Counterclaims.

16. Answering paragraph 54 of the Counterclaims, PriceGrabber admits that section 8.5 of the Agreement states:

> **8.6 Attorney fees and Court Costs.** The prevailing party in any legal action brought by one party against the other and arising out of this Agreement shall be entitled, in addition to any other rights and remedies it may have, to reimbursement for its expenses, including court costs and reasonable attorneys' fees.

      Except as so admitted, PriceGrabber denies each and every allegation contained in paragraph 54 of the Counterclaims.

      17.    Answering paragraph 55 of the Counterclaims, PriceGrabber realleges and incorporates herein by reference each and every one of PriceGrabber's responses to each and every allegation contained in paragraphs 39 through 54 of the Counterclaims.

      18.    Answering paragraph 56 of the Counterclaims, PriceGrabber denies each and every allegation contained in that paragraph.

      19.    Answering paragraph 57 of the Counterclaims, PriceGrabber admits it paid Unister on or around June 25, 2009 an amount equal to revenues earned by PriceGrabber from April 2009 click-thrus. Except as so admitted, PriceGrabber denies each and every allegation contained in paragraph 57 of the Counterclaims.

      20.    Answering paragraph 58 of the Counterclaims, PriceGrabber denies each and every allegation contained in that paragraph.

      21.    Answering paragraph 59 of the Counterclaims, PriceGrabber realleges and incorporates herein by reference each and every one of PriceGrabber's responses to each and every allegation contained in paragraphs 39 through 54 of the Counterclaims.

      22.    Answering paragraph 60 of the Counterclaims, PriceGrabber admits it earned revenues resulting from click-thrus of PriceGrabber links displayed on the Unister Web Sites pursuant to the terms of the Agreement, and from sales generated for merchants resulting from click-thrus of PriceGrabber links displayed on the Unister Web Sites pursuant to the terms of the Agreement. Except as so admitted, PriceGrabber denies each and every allegation contained in paragraph 60 of the Counterclaims.

      23.    Answering paragraph 61 of the Counterclaims, PriceGrabber denies each and every allegation contained in that paragraph.

24. Answering paragraph 62 of the Counterclaims, PriceGrabber denies each and every allegation contained in that paragraph.

## AFFIRMATIVE DEFENSES

25. PriceGrabber sets forth below its affirmative defenses. Each is asserted as to all claim for relief in the Counterclaims. By setting forth these affirmative defenses, PriceGrabber does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Unister. Moreover, nothing stated herein is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Unister's allegations. PriceGrabber further reserves its right to amend its Answer to Unister's Counterclaims to add additional Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

26. Unister's Counterclaims, and each of its purported claims for relief, fail to state facts sufficient to constitute a claim for relief against PriceGrabber, and fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Excused Performance)

27. Any alleged failure by PriceGrabber to perform any obligations under the Agreement was excused by Unister's own breaches of the Agreement including but not limited to Unister's display and inclusion of competing content on the Unister Websites, and Unister's display and inclusion of PriceGrabber content on websites other than the Unister Websites.

## THIRD AFFIRMATIVE DEFENSE
### (Failure of Consideration)

28. Any alleged failure by PriceGrabber to perform any obligations under the Agreement resulted from Unister's failure to perform the promises it agreed to perform under the Agreement including but not limited to Unister's promise not to

LAI-3131729v1

- 6 -

display or include any online comparing shopping content on the Unister Websites other than PriceGrabber content, and Unister's promise not to display or include any PriceGrabber content on any websites other than the Unister Websites.

### FOURTH AFFIRMATIVE DEFENSE
### (Payment)

29. The relief Unister seeks is barred because Unister has received payment for sums it claims are due.

### FIFTH AFFIRMATIVE DEFENSE
### (Contractual Limitation Of Liability)

30. With the exception of acts or omissions of wilful misconduct, Unister agreed that PriceGrabber is not liable to Unister for indirect, incidental, consequential, special, or exemplary damages arising from the Agreement.

### SIXTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

31. Any recovery by Unister pursuant to its Counterclaims would unjustly enrich Unister.

### SEVENTH AFFIRMATIVE DEFENSE
### (Estoppel)

32. Unister is estopped from asserting its claims for relief based on the Agreement because of, among other things, Unister's acceptance of benefits under the Agreement, Unister's breaches of the Agreement, and Unister's wrongful, improper, and ineffective attempt to terminate the Agreement.

### EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

33. Unister unreasonably delayed making known their contention that PriceGrabber had allegedly committed any wrongdoing as alleged in the Counterclaims. Relying on the absence of such contentions, PriceGrabber continued to perform under the Agreement and proceeded with the relationship with Unister to PriceGrabber's detriment. Such unreasonable delay prejudiced

PriceGrabber and each and every claim for relief in the Counterclaims is barred by the doctrine of laches.

### NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

34. The relief Unister seeks is barred by the doctrine of unclean hands because Unister has, among other things, committed numerous breaches of the Agreement, and has wrongly, improperly, and ineffectively attempted to terminate the Agreement.

### TENTH AFFIRMATIVE DEFENSE
### (Waiver)

35. Unister has waived any right to maintain a claim for relief under the Agreement because it has, among other things, accepted benefits under the Agreement without objection, committed numerous breaches of the Agreement and has wrongly, improperly, and ineffectively attempted to terminate the Agreement.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

36. The relief Unister seeks is barred because Unister has accepted an accord and satisfaction with respect to sums Unister claims are due.

### TWELFTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

37. PriceGrabber hereby gives notice that it intends to rely on any additional affirmative defenses as may become available or apparent during discovery, and thus reserves the right to amend its answer to assert such additional defenses.

Dated: May 26, 2011                    JONES DAY

                                       By  /Alan E. Friedman/
                                           Alan E. Friedman

                                       Attorneys for Plaintiff
                                       PRICEGRABBER.COM, INC.

LAI-3131729v1

- 8 -