1  Alan E. Friedman (SBN 47839)
   aefriedman@jonesday.com
2  Daniel J. McLoon (SBN 109598)
   djmcloon@jonesday.com
3  Orian J. Lee (SBN 247479)
   olee@jonesday.com
4  JONES DAY
   555 South Flower Street, Fiftieth Floor
5  Los Angeles, CA 90071-2300
   Telephone: (213) 489-3939
6  Facsimile: (213) 243-2539

7  Attorneys for Plaintiff
   PRICEGRABBER.COM, INC.

FILED
CLERK, U.S. DISTRICT COURT
AUG 11 2011
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

PRICEGRABBER.COM, INC.,
a Delaware corporation,

    Plaintiff,

v.

UNISTER GMBH, a Germany
corporation,

    Defendant.

Case No. CV 10-09580 SJO(MANx)

**SECOND AMENDED COMPLAINT FOR:**

1. **BREACH OF CONTRACT**
2. **UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

RECEIVED BUT NOT FILED
AUG 11 2011
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LAI-3144964v1

Plaintiff PriceGrabber.com, Inc. ("PriceGrabber") alleges:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between PriceGrabber and Defendant Unister GmbH ("Unister") and the amount in controversy exceeds $75,000.

2. This Court has personal jurisdiction over Unister, which has expressly consented in writing to submit to the jurisdiction of this Court.

3. Venue is proper in this Court under 28 U.S.C. § 1391(d), and because Unister has expressly waived in writing any venue objection to an action brought in this Court.

## THE PARTIES

4. PriceGrabber is a corporation organized and existing under the laws of the State of Delaware, which has its principal place of business within this judicial district at 5150 Goldleaf Circle, Los Angeles, California 90056.

5. PriceGrabber is informed and believes and on that basis alleges that Unister is a corporation organized under the laws of Germany, which has its principal place of business at Barfussgässchen 11, 04109 Leipzig Germany.

## FACTUAL BACKGROUND

6. PriceGrabber provides and maintains a shopping comparison web site, http://www.pricegrabber.com ("PriceGrabber Web Site"). PriceGrabber contracts with merchants ("Merchants") to list and advertise Merchants' goods and to provide links to Merchants' web sites ("Merchant Web Sites") through the PriceGrabber Web Site and other PriceGrabber-affiliated web sites ("PriceGrabber Links") (collectively, the "PriceGrabber Content"). Internet users can "click-thru" the PriceGrabber Links to access Merchant Web Sites (each instance a "Click-thru").

7. PriceGrabber earns revenue from Merchants based on the number of Click-thrus Merchant Web Sites receive from PriceGrabber Links, or based on a

percentage of sales generated for Merchants resulting from Click-thrus from PriceGrabber Links.

8. On or about March 23, 2009, PriceGrabber and Unister entered into a certain written API Co-Brand Agreement whereby PriceGrabber granted Unister a nonexclusive, nontransferable license to display and include PriceGrabber Content, including PriceGrabber Links, on http://www.cheap-hit.com. On or about May 26, 2009, PriceGrabber and Unister amended the agreement to extend PriceGrabber's license to both http://www.cheap-hit.com and http://www.best-price.com, another Unister-operated web site (together, the "Unister Web Sites"). Under the terms of the license, Unister is not authorized to display or include any PriceGrabber Content on any website other than the Unister Web Sites. The API Co-Brand Agreement, as amended, is hereinafter referred to as the "Agreement."

9. At the time of the Agreement, the Unister Web Sites contained commercially viable content distinct and unique from the PriceGrabber Content, and did not contain content that competed in any way with the PriceGrabber Content or with any PriceGrabber business except insofar as Unister offered coupon and discount content to its customers.

10. Pursuant to the Agreement, Unister agreed to display and include PriceGrabber Content for online comparison shopping content on the Unister Web Sites to the exclusion of any other online comparison shopping content provided by anyone other than PriceGrabber. Section 1.2 of the Agreement provides:

> **1.2 Exclusivity.** [Unister] agrees that its relationship with PriceGrabber related to online comparison shopping for the [Unister Web Sites], as defined above, is exclusive in favor of PriceGrabber (whether or not involving co-branding), *and* [Unister] *agrees not to develop, or enter into other agreements or relationships for services and content that are similar in nature to those provided by PriceGrabber, throughout the Term* (as defined in Section 6.1 [36 months from March 23, 2009, plus automatic one-year renewals]).

(Emphasis added.)

LAI-3144964v1

-2-

11. In section 4 of the Agreement, PriceGrabber agreed to pay Unister a share of the revenue PriceGrabber earned from Click-thrus from PriceGrabber Links displayed on the Unister Web Sites.

12. Between October 1, 2009 and September 30, 2010, the average gross revenue earned by PriceGrabber as a result of Click-thrus from the Unister Web Sites exceeded $250,000 per month.

13. PriceGrabber is informed and believes and on that basis alleges that in or about early October 2010, Unister breached the Agreement by removing PriceGrabber Content, including PriceGrabber Links, from the Unister Web Sites, and by displaying and including online comparison shopping content provided by Deal Time ("Deal Time Content"), an entity not affiliated with PriceGrabber, on the Unister Web Sites. The Deal Time Content was and is similar in nature to the PriceGrabber Content. PriceGrabber is informed and believes and on that basis alleges that Unister continues to display and to include Deal Time Content on the Unister Web Sites.

14. By letter dated October 11, 2010, PriceGrabber notified Unister that Unister's display and inclusion of Deal Time Content on the Unister Web Sites constituted a material breach of section 1.2 of the Agreement. Notwithstanding this notice, PriceGrabber is informed and believes and on that basis alleges that Unister has continued to display and to include Deal Time Content on the Unister Web Sites.

15. PriceGrabber is informed and believes and on that basis alleges that Unister has breached the Agreement by displaying and including online comparison shopping content, provided by entities not affiliated with PriceGrabber, on the Unister Web Sites on other occasions as well.

16. PriceGrabber is informed and believes and on that basis alleges that as a direct and proximate result of the above-alleged breaches by Unister of the Agreement, PriceGrabber has sustained damages because substantially fewer Click-

thrus of PriceGrabber Links have been recorded from the Unister Web Sites, which has resulted in a substantial loss of revenue for PriceGrabber.

17. In or around December 2010, PriceGrabber became aware that Unister had also breached the Agreement by displaying and including PriceGrabber Content on a website other than the Unister Web Sites.

18. By letter dated January 12, 2011, PriceGrabber notified Unister that Unister's display and inclusion of PriceGrabber Content on a website other than the Unister Web Sites constituted, among other things, a breach of the Agreement, and a violation of federal copyright law. Notwithstanding this notice, to which Unister has never responded, PriceGrabber is informed and believes and on that basis alleges that Unister has continued to display and include PriceGrabber Content on websites other than the Unister Web Sites.

19. Section 8.6 of the Agreement states:

> **8.6 Attorney fees and Court Costs.** The prevailing party in any legal action brought by one party against the other and arising out of this Agreement shall be entitled, in addition to any other rights and remedies it may have, to reimbursement for its expenses, including court costs and reasonable attorneys' fees.

20. Section 8.4 of the Agreement provides that the "Agreement shall be governed by, and construed in accordance with, the laws of the State of California, excluding its provisions on conflicts of laws."

21. In section 8.5 of the Agreement, Unister and PriceGrabber agreed to "submit to the jurisdiction of, and waive any venue objection to, the United States District Court for the Central District of California and the Superior Courts located in Los Angeles County, California, in any litigation arising out of this Agreement."

### FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

22. PriceGrabber incorporates by reference the allegations contained in paragraphs 1-21, above.

23. Unister has intentionally and willfully breached, and continues intentionally and willfully to breach, both the express provisions of the Agreement and the implied covenant of good faith and fair dealing by removing PriceGrabber Content from the Unister Web Sites and by displaying and including Deal Time Content in its stead.

24. Unister has also intentionally and willfully breached both the express provisions of the Agreement and the implied covenant of good faith and fair dealing by displaying and including online comparison shopping content, provided by entities not affiliated with PriceGrabber, on the Unister Web Sites on other occasions as well.

25. Unister has also intentionally and willfully breached, and PriceGrabber is informed and believes and on that basis alleges that Unister continues intentionally and willfully to breach, both the express provisions of the Agreement and the implied covenant of good faith and fair dealing by displaying and including PriceGrabber Content on websites other than the Unister Websites.

26. PriceGrabber has performed all of the terms and conditions on its part to be performed under the Agreement.

27. As a direct and proximate result of Unister's breaches of the Agreement, PriceGrabber has been damaged in an amount yet to be ascertained.

## SECOND CLAIM FOR RELIEF
## UNJUST ENRICHMENT

28. PriceGrabber incorporates by reference the allegations contained in paragraphs 1-21, above.

29. PriceGrabber is informed and believes and on that basis alleges that Unister has received valuable consideration for displaying and including online comparison shopping content, provided by entities not affiliated with PriceGrabber, on the Unister Web Sites ("Breach Payments") in violation of the Agreement.

30. Unister's receipt of the Breach Payments has come at PriceGrabber's expense, and has been the direct and proximate result of Unister's intentional and willful breaches of the express terms of the Agreement, including without limitation, section 1.2 of the Agreement requiring Unister to use, display, and include exclusively PriceGrabber Content on the Unister Websites, as well as of the implied covenant of good faith and fair dealing. Unister would be unjustly enriched if it were allowed to retain the Breach Payments.

## PRAYER FOR RELIEF

**WHEREFORE**, PriceGrabber prays for the following relief against Unister:

A. ON THE FIRST CLAIM FOR RELIEF;

    1. For compensatory and consequential damages, including without limitation lost profits, in an amount to be determined at trial;

    2. For orders specifically enforcing the Agreement against Unister by preliminarily and permanently enjoining Unister from violating section 1.2 of the Agreement; and by preliminarily and permanently enjoining Unister from displaying any PriceGrabber Content on any websites other than the Unister Web Sites.

B. ON THE SECOND CLAIM FOR RELIEF: For damages in an amount to be determined at trial, including without limitation restitution of the Breach Payments;

C. For attorneys' fees;

D. For costs of suit; and

E. For such other and further legal and equitable relief as this Court deems proper.

| | |
|---|---|
| Dated: August 11, 2011 | JONES DAY<br><br>By /s/ Alan E. Friedman<br>Alan E. Friedman<br><br>Attorneys for Plaintiff<br>PRICEGRABBER.COM, INC. |

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 38-1, PriceGrabber hereby demands a jury trial of all issues triable by jury in this action.

Dated: August 11, 2011                    JONES DAY

By *[signature]*
Alan E. Friedman

Attorneys for Plaintiff
PRICEGRABBER.COM, INC.

LAI-3144964v1

- 8 -

# PROOF OF SERVICE

I, Gloria Perez, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, California 90071. On August 11, 2011, I caused to be served a copy of the within document(s):

- Second Amended Complaint for: (1) Breach of Contract; (2) Unjust Enrichment; Demand for Jury Trial

[X] **Via E-Filing:** A copy of the Second Amended Complaint was attached as Exhibit A to *Stipulation For Filing of Second Amended Complaint*, which has been e-filed and electronically mailed on August 11, 2011.

[X] **Via Mail:** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

David R Shaub, Esq.
Lisbeth Bosshart Merrill, Esq.
Cassandra M. Lamb, Esq.
SHAUB & WILLIAMS LLP
12121 Wilshire Boulevard, Suite 205
Los Angeles, CA 90025-1165

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on August 11, 2011, at Los Angeles, California.

*/s/ Gloria Perez*
Gloria Perez

LAI-3143029v1